GEORGE R. JAGOE *vs.* JOSEPH H. ROBINSON & another.

Middlesex.     January 8, 1908. — February 27, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Judgment. Estoppel. Pleading, Civil,* Declaration. *Bond.*

At the trial in the Superior Court of an appeal from a judgment of a district court, a defendant moved to dismiss the action on the ground that it had been disposed of by a judgment in the district court at a previous stage of the case upon the sustaining by that court of a plea in abatement on the ground of the non-joinder of a second defendant, who afterwards had been made a party. It appeared from the record of the district court that, on the day on which the plea in abatement had been sustained in that court, the plaintiff had filed a motion " that the judgment this day entered be vacated " and that the second defendant be summoned in as a party, and also filed a motion that the case be continued for judgment, and that the case was continued accordingly without the entry of any judgment in favor of the original defendant. *Held,* that the motion to dismiss should be denied, there having been no such previous judgment as that referred to in the motion to dismiss, as the mere fact that the plaintiff had filed a motion to vacate a supposed judgment, referring to it as having been entered on a certain day, could not control a record which showed that no such judgment was entered.

In a declaration in an action against a surety and the principal on a bond given to prosecute a writ of review of a certain judgment against the principal, an averment that the principal failed to prosecute his writ of review to final judgment sufficiently avers a material breach of the condition of the bond. It is not necessary to describe fully the writ of review and to set out all the proceedings had thereon. Nor is it necessary to declare that any execution had issued or that any demand had been made on the principal, if there are sufficient averments that the principal had not satisfied the final judgment against him.

CONTRACT against Joseph H. Robinson as surety on a bond given by Joseph D. Waters to prosecute a writ of review in the First District Court of Eastern Middlesex. Writ in the

---

First District Court of Eastern Middlesex dated August 5, 1904.

The original declaration was as follows:

" And the plaintiff says that the defendant executed to him a bond, a copy of which is annexed to the original declaration marked A;

" And the plaintiff further says that the Joseph D. Waters mentioned in said bond has failed to satisfy the judgment originally entered and all costs accrued on the execution issued thereon; that all rights to a writ of review or further continuance of said writ against Joseph D. Waters have expired; that an execution duly issued from the First District Court of Eastern Middlesex on the twenty-fourth day of June, 1904; that the plaintiff has been unable to have a personal demand made on said Waters but has made a formal demand by letter for the payment of said execution on said Waters' attorney; wherefor the plaintiff says the defendant owes him the amount of said bond."

The bond, as set forth in the copy marked A, was in the penal sum of $100, recited that the plaintiff on June 6, 1902, had obtained a judgment in the First District Court of Eastern Middlesex against Joseph D. Waters for $50 damages and $14.82 costs, and that Waters had entered his petition in the same court for a review of that judgment, and then contained the following condition:

" Now if the said Joseph D. Waters shall satisfy the judgment. originally entered and all costs accrued on any execution issued thereon if a writ of review is not granted on said petition, and if a writ of review is granted on said petition he shall forthwith prosecute a review to final judgment and shall satisfy such execution as may be issued against him on the review, or in case a special judgment shall be entered against him in accordance with Section 26 of Chapter 177 of the Revised Laws of the Commonwealth of Massachusetts, if he shall pay to the plaintiff within thirty days after the entry of such judgment the amount for which such judgment shall be entered, then this bond shall be void; otherwise the same shall remain in full force."

The defendants demurred, and answered in abatement on the ground of the non-joinder of Waters, the principal on

the bond.   The district court sustained the defendants' plea in abatement.

On the same day the plaintiff filed a motion in that court "that the judgment this day entered be vacated" and that the writ be amended by adding Joseph D. Waters as a defendant and that process issue to summon Waters into court.   Afterwards on the same day the plaintiff filed another motion that the case be continued for judgment and the right of appeal be extended until the court had passed upon the motion to amend.   Both of these motions were allowed by the court and process was issued ordering Waters to appear and answer.

This process was made returnable on January 14, 1905.   On that day the plaintiff filed another declaration against Joseph H. Robinson and Joseph D. Waters as defendants.   The defendants contended that this never was allowed by the court as an amendment to the declaration already on file.   The defendant Waters filed a plea in abatement setting forth that the original action brought against the defendant Robinson had gone to judgment, and consequently that he ought not to be obliged to answer to the plaintiff's writ and declaration, and also filed a demurrer.   This demurrer and the demurrer of Robinson were overruled and judgment was entered for the plaintiff.

The defendants appealed to the Superior Court.   Both demurrers were overruled in the Superior Court, and both defendants appealed.   The case then was tried in the Superior Court before *Hardy*, J.   Before the trial the defendant Robinson filed a motion to dismiss, for the reason that judgment had been entered in the First District Court of Eastern Middlesex on the plea in abatement filed by him, and that that judgment never had been vacated.   The judge overruled the motion to dismiss and the case was tried.   The jury returned a verdict for the plaintiff, and the judge ordered that judgment be entered for the plaintiff in the sum of $100, that being the penal sum of the bond, and that execution issue for the sum of $79.41.   Judgment was entered, and both defendants appealed.

The case was submitted on briefs.

*H. Lougee & J. G. Robinson*, for the defendants.

*S. Parsons & H. A. Bowen*, for the plaintiff.

SHELDON, J.  1. The defendant Robinson's motion to dismiss was rightly overruled.  It does not appear by the record that any judgment was entered in his favor in the First District Court of Eastern Middlesex.  The certificate of the proceedings in that court filed in the Superior Court on the defendants' appeal, in conformity with the provisions of R. L. c. 173, § 102, shows merely that his answer in abatement was sustained on December 17, 1904, and that on December 23 next following, the plaintiff's motion to stay judgment thereon was filed and allowed, and the case was continued accordingly without the entry of any judgment in favor of the defendant Robinson.  The mere fact that the motion filed by the plaintiff refers to such a judgment as having been entered on December 23, 1904, cannot control a record which shows that no such judgment was entered.

2. Nor could the defendants' demurrers have been sustained.

If we assume, as argued by the defendants, that the plaintiff's second declaration never was allowed by the court as an amendment to the declaration originally filed, yet none of the causes of demurrer relied on can be said to be fatal.

A copy of the bond declared on was annexed to the original declaration.  The averments of the declaration, taken in connection with the recitals of the bond, were *prima facie* sufficient. It cannot be said that more particular averments descriptive of the original judgment were necessary.  Its recovery was one of the matters of inducement recited in the bond.  The averment that the defendant Waters failed to prosecute his writ of review to final judgment sufficiently avers a material breach of the condition of the bond; and it cannot be said as matter of law that it was necessary to describe fully the writ of review and set out all the proceedings that were had thereon.  And it was not necessary to declare that any execution had issued, or that any demand had been made upon the defendant Waters; so that a lack of particularity in these averments was not material.

It may be that the declaration does not sufficiently aver in terms that the defendant Waters had not satisfied the final judgment against him ; but the defendants did not take this point and have not argued it.  Whether an execution issued upon the judgment was satisfied was material only as evidence to show whether there had been a satisfaction of the final judgment.

Had this point been properly taken upon a demurrer, the plaintiff might have been allowed to amend his declaration.

The judgment of the Superior Court must be affirmed ; and it is

*So ordered.*